E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
ALEXANDRA SLOAN KELLY (Cal. Bar No. 305811)
Assistant United States Attorney
General Crimes Section
     1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-5010
     Facsimile: (213) 894-0141
     E-mail:    alexandra.kelly@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 23-427-GW-3 |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT JOSHUA NATHAN BEDARD |
| v. | |
| JACOB WOLFGANG GONZALEZ, et al., | |
| Defendants. | |

1.   This constitutes the plea agreement between JOSHUA NATHAN BEDARD ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2.   Defendant agrees to:

     a.   At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to counts one and six of the indictment in United States v. Jacob Wolfgang Gonzalez, et

1  al., CR No. 23-427-GW-3, which charge defendant with conspiracy to
2  engage in the business of dealing firearms without a license, in
3  violation of 18 U.S.C. § 371 (count one), and trafficking in
4  firearms, in violation of 18 U.S.C. § 933(a)(1) (count six).
5          b.   Not contest facts agreed to in this agreement.
6          c.   Abide by all agreements regarding sentencing contained
7  in this agreement.
8          d.   Appear for all court appearances, surrender as ordered
9  for service of sentence, obey all conditions of any bond, and obey
10 any other ongoing court order in this matter.
11         e.   Not commit any crime; however, offenses that would be
12 excluded for sentencing purposes under United States Sentencing
13 Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not
14 within the scope of this agreement.
15         f.   Be truthful at all times with the United States
16 Probation and Pretrial Services Office and the Court.
17         g.   Pay the applicable special assessments at or before
18 the time of sentencing unless defendant has demonstrated a lack of
19 ability to pay such assessments.

                        THE USAO'S OBLIGATIONS

21    3.   The USAO agrees to:
22         a.   Not contest facts agreed to in this agreement.
23         b.   Abide by all agreements regarding sentencing contained
24 in this agreement.
25         c.   At the time of sentencing, move to dismiss the
26 remaining counts of the indictment as against defendant.  Defendant
27 agrees, however, that at the time of sentencing the Court may
28 consider any dismissed charges in determining the applicable

Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

      d.   At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offenses up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

      e.   Recommend that defendant be sentenced to a term of imprisonment no higher than the low end of the applicable Sentencing Guidelines range, provided that the offense level used by the Court to determine that range is 15 or higher and provided that the Court does not depart downward in offense level or criminal history category.  For purposes of this agreement, the low end of the Sentencing Guidelines range is that defined by the Sentencing Table in U.S.S.G. Chapter 5, Part A.

## NATURE OF THE OFFENSES

4.   Defendant understands that for defendant to be guilty of the crime charged in count one, that is, conspiracy to engage in the business of dealing in firearms without a license, in violation of 18 U.S.C. § 371, the following must be true: (1) there was an agreement between two or more persons to engage in the business of dealing in firearms without a license, in violation of 18 U.S.C. § 922(a)(1)(A); (2) defendant became a member of the conspiracy knowing of its object and intending to help accomplish it; and (3) one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

5. Defendant understands that for a person to be guilty of the crime of engaging in the business of dealing in firearms without a license, in violation of 18 U.S.C. § 922(a)(1)(A), the following must be true: (1) the person was willfully engaged in the business of dealing in firearms; and (2) the person did not then have a license as a firearms dealer.

6. Defendant understands that for defendant to be guilty of the crime charged in count six, that is, trafficking in firearms, in violation of 18 U.S.C. § 933(a)(1), the following must be true: (1) defendant knowingly shipped, transported, transferred, caused to be transported, or disposed of a firearm to another person; (2) the shipping, transporting, transferring, causing to be transported, or disposition of the firearm was in or otherwise affecting interstate commerce; and (3) defendant knew or had reasonable cause to believe that the use, carrying, or possession of the firearm by the other person/recipient would constitute a felony.

## PENALTIES

7. Defendant understands that the statutory maximum sentence that the Court can impose for a violation of 18 U.S.C. § 371, is: 5 years' imprisonment; a 3-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

8. Defendant understands that the statutory maximum sentence that the Court can impose for a violation of 18 U.S.C. § 933(a)(1), is: 15 years' imprisonment; a 3-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from

the offense, whichever is greatest; and a mandatory special assessment of $100.

9.   Defendant understands, therefore, that the total maximum sentence for all offenses to which defendant is pleading guilty is: 20 years' imprisonment; a 3-year period of supervised release; a fine of $500,000 or twice the gross gain or gross loss resulting from the offenses, whichever is greatest; and a mandatory special assessment of $200.

10.   Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

11.   Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the convictions in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated

5

collateral consequences will not serve as grounds to withdraw defendant's guilty pleas.

12. Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the convictions in this case make it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States.  Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case.  Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his convictions on his immigration status.  Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

                              FACTUAL BASIS

13. Defendant admits that defendant is, in fact, guilty of the offenses to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support pleas of guilty to the charges described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 15 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Beginning no later than November 11, 2022, and continuing until at least August 15, 2023, in Santa Barbara County, defendant knowingly and intentionally conspired and agreed with a co-conspirator ("Co-Conspirator 1") to engage in the business of dealing in firearms without a license. Defendant became a member of this conspiracy knowing of this object and intending to help accomplish it. During the conspiracy, neither defendant nor his co-conspirators possessed a license to import, manufacture, or deal in firearms.

In furtherance of the conspiracy, defendant willfully supplied firearms to Co-Conspirator 1. Co-Conspirator 1 then sold these firearms to individuals Co-Conspirator 1 believed were buyers of firearms, but who were, in fact, a confidential informant ("CI") and undercover law enforcement agent ("UC") working at the direction of or for the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). Defendant also transported firearms, magazines, and ammunition from Arizona to California, where defendant provided these items to Co-Conspirator 1 so that Co-Conspirator 1 could sell them to other individuals in California.

Also in furtherance of the conspiracy, defendant committed the following specific acts, among others:

**November 21, 2022, Sale: AM Pistol**

a. On November 11, 2022, defendant offered to sell an AR-style pistol to Co-Conspirator 1. Specifically, the pistol was an Anderson Manufacturing, model AM-15, 7.62x39mm caliber AR-style pistol, bearing serial number 20091863 (the "AM Pistol"). Defendant admits that the AM Pistol was an assault weapon as defined by California Penal Code § 30515(a)(4), and that it was a felony punishable by imprisonment for a term exceeding one year to possess

7

an assault weapon, such as the AM Pistol, under California Penal Code § 30605.

   b. On November 14, 2022, defendant, who at the time resided in Arizona, told Co-Conspirator 1 that defendant would bring the AM Pistol to California the following weekend. Defendant knew it was a felony for him to transport the AM Pistol from Arizona to California.

   c. On November 21, 2022, defendant met Co-Conspirator 1 at Co-Conspirator 1's residence in Santa Maria, California. During the meeting, defendant sold Co-Conspirator 1 the AM Pistol; two 30-round capacity, 7.62x39mm caliber magazines; assorted 7.62x39mm caliber ammunition; a Hawk Industries, Inc., model H&R Pardner Pump, 12 gauge shotgun, bearing serial number HW501673; and assorted 12 gauge ammunition. Defendant knew that under California Penal Code § 30605, it was a felony punishable by imprisonment for a term exceeding one year for Co-Conspirator 1 to possess the AM Pistol, since the AM Pistol was an assault weapon under California Penal Code § 30515(a)(4).

**January 9, 2023, Sale**

   d. Between December 19, 2022, and December 29, 2022, defendant offered to sell Co-Conspirator 1 various firearms, including a black Ruger, model PC Charger, 9mm caliber pistol, bearing serial number 913-41316 (the "PC Charger").

   e. On January 9, 2023, defendant knowingly and intentionally sold Co-Conspirator 1 the PC Charger, which Co-Conspirator 1 then sold to the CI. At the time, defendant knew that Co-Conspirator 1 sold to the CI the PC Charger that defendant had sold to Co-Conspirator 1 moments earlier.

**March 2023 Sale**

       f.   On March 21, 2023, defendant offered to sell a Ruger, model LCP, .380 caliber pistol with an obliterated serial number (the "380 Auto").

       g.   On or about March 21, 2023, or March 22, 2023, defendant sold the 380 Auto to Co-Conspirator 1 in Santa Barbara County, California.

SENTENCING FACTORS

14.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crimes of conviction.

15.  Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

///
///
///

| | | |
|---|---|---|
| Base Offense Level: | 12 | U.S.S.G. § 2K2.1(a)(7) |
| Number of Firearms | +2 | U.S.S.G. § 2K2.1(b)(1)(A) |

| | | |
|---|---|---|
| Obliterated Serial Number | +4 | U.S.S.G. § 2K2.1(b)(4)(B) |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate. The base offense level set forth above is based on information currently known to the government regarding defendant's criminal history. Defendant understands and agrees that defendant's base offense level could be increased if defendant has additional prior convictions for either a crime of violence or a controlled substance offense under U.S.S.G. § 2K2.1. If defendant's base offense level is so altered, defendant and the USAO will not be bound by the base offense level agreed to above.

16. Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

17. Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. §§ 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

## WAIVER OF CONSTITUTIONAL RIGHTS

18. Defendant understands that by pleading guilty, defendant gives up the following rights:

    a. The right to persist in a plea of not guilty.

    b. The right to a speedy and public trial by jury.

    c. The right to be represented by counsel –- and if necessary have the Court appoint counsel -- at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel –- and if necessary have the Court appoint counsel –- at every other stage of the proceeding.

      d.   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

      e.   The right to confront and cross-examine witnesses against defendant.

      f.   The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

      g.   The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

      h.   Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

### WAIVER OF APPEAL OF CONVICTION

19.  Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty pleas were involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's convictions on the offenses to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's pleas of guilty.

### LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

20.  Defendant agrees that, provided the Court imposes a term of imprisonment within or below the range corresponding to an offense level of 19 and the criminal history category calculated by the

11

Court, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

21. The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment within or above the range corresponding to an offense level of 15 and the criminal history category calculated by the Court, the USAO gives up its right to appeal any portion of the sentence.

## WAIVER OF COLLATERAL ATTACK

22. Defendant also gives up any right to bring a post-conviction collateral attack on the convictions or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty

are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's pleas of guilty.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

23. Defendant agrees that if, after entering guilty pleas pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty pleas on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## RESULT OF VACATUR, REVERSAL OR SET-ASIDE

24. Defendant agrees that if any count of conviction is vacated, reversed, or set aside, the USAO may: (a) ask the Court to resentence defendant on any remaining count of conviction, with both the USAO and defendant being released from any stipulations regarding sentencing contained in this agreement, (b) ask the Court to void the entire plea agreement and vacate defendant's guilty plea on any remaining count of conviction, with both the USAO and defendant being released from all their obligations under this agreement, or

(c) leave defendant's remaining conviction, sentence, and plea agreement intact. Defendant agrees that the choice among these three options rests in the exclusive discretion of the USAO.

## EFFECTIVE DATE OF AGREEMENT

25. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

26. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered guilty pleas pursuant to this agreement, defendant will not be able to withdraw the guilty pleas, and (b) the USAO will be relieved of all its obligations under this agreement.

27. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a. Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b. Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c. Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

## COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

28. Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

29. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information

to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 15 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

30.  Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty pleas, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

### NO ADDITIONAL AGREEMENTS

31.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional

16

promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

<u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

32. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

E. MARTIN ESTRADA
United States Attorney

_____    09/25/2024
ALEXANDRA SLOAN KELLY        Date
Assistant United States Attorney

_____    4/2'4/24
JOSHUA NATHAN BEDARD         Date
Defendant

  /s/ Shannon Coit
_____    9/25/2024
SHANNON M. COIT              Date
Attorney for Defendant JOSHUA
NATHAN BEDARD

///
///
///




<u>CERTIFICATION OF DEFENDANT</u>

I have read this agreement in its entirety.  I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney.  I understand

17

the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement.  No one has threatened or forced me in any way to enter into this agreement.  I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____            _____
JOSHUA NATHAN BEDARD                       Date   9/25/24
Defendant

///

///

///

CERTIFICATION OF DEFENDANT'S ATTORNEY

I am JOSHUA NATHAN BEDARD's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible

pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of guilty pleas pursuant to this agreement.

/s/ Shannon Coit

SHANNON M. COIT
Attorney for Defendant JOSHUA
NATHAN BEDARD

9/25/2024

Date